## STATE v. RAY FOX.

160 N. W. (2d) 660.

July 19, 1968—No. 40,729.

*C. Paul Jones,* State Public Defender, and *Ronald J. Wolf* and *Robert E. Oliphant,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, and *David J. Byron,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant has pled guilty to uttering a forged check in violation of Minn. St. 609.625, subd. 3, and appeals from the conviction.

Defendant contends that his plea of guilty was induced by a promise of probation; that he was not properly advised of his rights nor of the punishment

which could be imposed; and that he had an inadequate opportunity to confer with counsel.

In addition, for the first time, at oral argument, defendant takes the position that because he endorsed his own name and not that of the fictitious drawer, he can only be found guilty of theft by check, a misdemeanor.

None of defendant's claims is supported by the record. At his arraignment he professed a full understanding of the charge and acknowledged that he had had an adequate opportunity to discuss with his counsel the defenses available to him. His attorney advised him in open court that he faced a sentence of up to 10 years in prison and a fine of $10,000 and that a plea of guilty would not be an assurance of probation. In addition, for the record, counsel informed him of his right to a trial, to compulsory process, and to representation by an attorney. Defendant denied having been induced to plead guilty by any threats or promises. Finally, he acknowledged being present when the forged check was drawn and admitted that with knowledge of its forgery he endorsed and cashed it. Clearly, this was a violation of the following provisions of § 609.625, subd. 3:

"Whoever, with intent to defraud, utters or possesses with intent to utter any forged writing or object mentioned in subdivision 1, knowing it to have been so forged, may be sentenced as provided in subdivision 1."

Affirmed.